1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re NEXTCARD, INC. SECURITIES LITIGATION | Master File No. C-01-21029-JF(EI) |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS TO ERNST & YOUNG, LLP |
| ALL ACTIONS. | |

DATE:      December 2, 2005
TIME:       11:00 a.m.
COURTROOM:   The Honorable
                           Jeremy Fogel

1    This matter came before the Court for hearing pursuant to an Order of this Court, dated

2    October 4, 2005, on the application of the Settling Parties for approval of the settlement set forth in

3    the Stipulation of Settlement with Ernst & Young, LLP dated as of December 1, 2004 (the

4    "Stipulation").  Due and adequate notice having been given of the settlement as required in said

5    Order, and the Court having considered all papers filed and proceedings held herein and otherwise

6    being fully informed in the premises and good cause appearing therefore, IT IS HEREBY

7    ORDERED, ADJUDGED AND DECREED that:

8         1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

9    terms used herein shall have the same meanings set forth in the Stipulation.

10        2.    This Court has jurisdiction over the subject matter of the Litigation and over all

11   parties to the Litigation, including all Members of the Settlement Class.

12        3.    Except as to any individual claim of those Persons (identified in Exhibit 1 attached

13   hereto) who have validly and timely requested exclusion from the Settlement Class, the E&Y Action

14   and all claims contained therein, including all of the Released Claims, are dismissed with prejudice

15   as to the Lead Plaintiffs and the other Members of the Settlement Class, and as against Ernst &

16   Young, LLP ("E&Y").  The parties are to bear their own costs, except as otherwise provided in the

17   Stipulation.

18        4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

19   approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects,

20   fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Settlement

21   Class and each of the Settlement Class Members.  This Court further finds the settlement set forth in

22   the Stipulation is the result of arm's-length negotiations between experienced counsel representing

23   the interests of the Lead Plaintiffs, the Settlement Class Members and E&Y.  Accordingly, the

24   settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated

25   in accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the

26   terms of the Stipulation.

27        5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby

28   certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL - C-01-21029-JF(EI)          - 1 -

1  purchased NextCard securities during the period between April 19, 2000 and October 30, 2001, and

2  who were damaged thereby.  Excluded from the Settlement Class are E&Y, the Individual

3  Defendants, NextCard, members of the immediate families of the Individual Defendants, any entity

4  in which E&Y, any Individual Defendant or NextCard has or had a controlling interest, current or

5  former directors and officers of NextCard or E&Y, and the legal representatives, heirs, successors, or

6  assigns of any such excluded person or entity.  Also excluded from the Settlement Class are those

7  Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice

8  of Pendency and Proposed Partial Settlement of Class Action (the "Notice").

9        6.     With respect to the Settlement Class, this Court finds for the purposes of effectuating

10  this settlement that (a) the Members of the Settlement Class are so numerous that joinder of all

11  Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact

12  common to the Settlement Class which predominate over any individual questions; (c) the claims of

13  the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Co-

14  Lead Counsel have fairly and adequately represented and protected the interests of all of the

15  Settlement Class Members; and (e) a class action is superior to other available methods for the fair

16  and efficient adjudication of the controversy, considering: (i) the interests of the Members of the

17  Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent

18  and nature of any litigation concerning the controversy already commenced by Members of the

19  Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in

20  this particular forum; and (iv) the difficulties likely to be encountered in the management of the

21  Litigation.

22        7.     Upon the Effective Date hereof, the Lead Plaintiffs and each of the Settlement Class

23  Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now

24  or in the future) through or on behalf of them, shall be deemed to have, and by operation of the

25  Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released

26  Claims against the Released Persons, including claims arising out of, relating to, or in connection

27  with the institution, prosecution, assertion, settlement or resolution of the Litigation, whether or not

28  such Settlement Class Member executes and delivers a Proof of Claim and Release form, and shall

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL - C-01-21029-JF(EI)   - 2 -

1   have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall

2   be permanently barred and enjoined from instituting, commencing or prosecuting any such Released

3   Claims against the Released Persons.   NextCard and the Individual Defendants and the claims

4   asserted against them in the NextCard Action are specifically excluded from this release.

5          8.       Upon the Effective Date hereof, each of the Released Persons shall be deemed to

6   have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished

7   and discharged each and all of the Settlement Class Members and Co-Lead Counsel from all claims

8   (including Unknown Claims), arising out of, relating to, or in connection with the institution,

9   prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10         9.       The distribution of the Notice and the publication of the Summary Notice as provided

11  for in the Order Preliminarily Approving Settlement with Ernst & Young, LLP and Providing for

12  Notice constituted the best notice practicable under the circumstances, including individual notice to

13  all Members of the Settlement Class who could be identified through reasonable effort.  Said Notice

14  provided the best notice practicable under the circumstances of those proceedings and of the matters

15  set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled

16  to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure

17  23, the requirements of due process, and any other applicable law.

18         10.      Any plan of allocation submitted by Co-Lead Counsel or any order entered regarding

19  the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and

20  shall be considered separate from this Final Judgment.

21         11.      Neither the Stipulation nor the settlement contained therein, nor any act performed or

22  document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be

23  deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

24  or of any wrongdoing or liability of E&Y; or (b) is or may be deemed to be or may be used as an

25  admission of, or evidence of, any fault or omission of E&Y in any civil, criminal or administrative

26  proceeding in any court, administrative agency or other tribunal.  E&Y may file the Stipulation

27  and/or the Judgment in any other action that may be brought against it in order to support a defense

28  or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL - C-01-21029-JF(EI)                - 3 -

1   settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or

2   similar defense or counterclaim.

3           12.     Without affecting the finality of this Judgment in any way, this Court hereby retains

4   continuing jurisdiction over (a) implementation of this settlement and any award or distribution of

5   the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund;

6   (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d)

7   all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

8           13.     The Court finds that during the course of the Litigation, the Settling Parties and their

9   respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure

10  11.

11          14.     In the event that the settlement does not become effective in accordance with the

12  terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement

13  Fund, or any portion thereof, is returned to E&Y, then this Judgment shall be rendered null and void

14  to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   event, all orders entered and releases delivered in connection herewith shall be null and void to the

2   extent provided by and in accordance with the Stipulation.

3         IT IS SO ORDERED.

                                                    s/electronic signature authorized
4   DATED:  __12/2/05_____                        _____
                                                    THE HONORABLE JEREMY FOGEL
5                                                   UNITED STATES DISTRICT JUDGE

6   Submitted by:

7   LERACH COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
8   JEFFREY W. LAWRENCE
    CHRISTOPHER P. SEEFER
9   100 Pine Street, Suite 2600
    San Francisco, CA  94111
10  Telephone:  415/288-4545
    415/288-4534 (fax)
11
    LERACH COUGHLIN STOIA GELLER
12     RUDMAN & ROBBINS LLP
    WILLIAM S. LERACH
13  JOY ANN BULL

14

15         _____/s/ Joy Ann Bull_____
                  JOY ANN BULL
16
    655 West Broadway, Suite 1900
17  San Diego, CA  92101
    Telephone:  619/231-1058
18  619/231-7423 (fax)

19  BERNSTEIN LITOWITZ BERGER &
       GROSSMANN LLP
20  ALAN SCHULMAN
    ROBERT S. GANS
21  ALICIA M. DUFF

22

23         _____/s/ Alan Schulman_____
                  ALAN SCHULMAN
24
    12544 High Bluff Drive, Suite 150
25  San Diego, CA  92130
    Telephone:  858/793-0070
26  858/793-0323 (fax)

27  Co-Lead Counsel for Lead Plaintiffs and the
    Class
28  S:\Settlement\NextCard.set\JGT FINAL 00026210.doc


[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL - C-01-21029-JF(EI)                    - 5 -

## DECLARATION OF SERVICE BY MAIL
### PURSUANT TO NORTHERN DISTRICT LOCAL RULE 23-2(c)(2)

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.      That on November 22, 2005, declarant served the **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS TO ERNST & YOUNG, LLP** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List and that this document was forwarded to the following designated Internet site at:

http://securities.lerachlaw.com/

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 22nd day of November, 2005, at San Diego, California.

_____/s/ Yvette D. Gray_____
YVETTE D. GRAY

NEXTCARD - N.D. CAL (LEAD)
Service List - 11/9/2005   (201-403-1)
Page 1 of 2

**Counsel For Defendant(s)**

David Jolley   *
Richard Jones
Covington & Burling
One Front Street
San Francisco, CA  94111
 415/591-6000
 415/591-6091 (Fax)


David Priebe   *
DLA Piper Rudnick Gray Cary US LLP
2000 University Avenue
East Palo Alto, CA  94303-2248
 650/833-2000
 650/833-2001 (Fax)


James K. Lynch   *
Latham & Watkins LLP
505 Montgomery Street, Suite 1900
San Francisco, CA  94111
 415/391-0600
 415/395-8095 (Fax)


Jordan D. Eth   *
Margaret L. Wu
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
 415/268-7000
 415/268-7522 (Fax)


Harris Weinstein   *
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC  20044
 202/662-6000
 202/662-6291 (Fax)


Shirli Fabbri Weiss   *
Paul A. Reynolds
Peter L. Wucetich
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
 619/699-3650
 619/699-2701 (Fax)


James McManis   *
Paul Yang
McManis, Faulkner & Morgan A P.C.
50 W. San Fernando Street, 10th Floor
San Jose, CA  95113
 408/279-8700
 408/279-3244 (Fax)


Bruce A. Ericson   *
Jacob R. Sorensen
Kristin M. Lefevre
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA  94105-2228
 415/983-1000
 415/983-1200 (Fax)

NEXTCARD - N.D. CAL (LEAD)

Service List - 11/9/2005   (201-403-1)

Page 2 of 2

Andrew  Keyes        *
Charles  Kimmett
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC  20005
  202/434-5000
  202/434-5029(Fax)


**Counsel For Plaintiff(s)**

Douglas M. McKeige    *
Bernstein Litowitz Berger & Grossmann LLP
1285 Ave of the Americas, 38th Fl.
New York, NY  10019
  212/554-1400
  212/554-1444(Fax)

Alan  Schulman        *
Bernstein Litowitz Berger & Grossmann LLP
12544 High Bluff Dr., Suite 150
San Diego, CA  92130
  858/793-0070
  858/793-0323(Fax)


William S. Lerach
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
  619/231-1058
  619/231-7423(Fax)

Tamara J. Driscoll
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
  206/749-5544
  206/749-9978(Fax)


Jeffrey W. Lawrence
Christopher P. Seefer
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534(Fax)


* Denotes Service Via Overnight Delivery

EXHIBIT  1

November 18, 2005

I wish to be excluded from the Settlement Class *In re NextCard, Inc. Securities Litigation, Master File No. C-01-21029-JF(EI).*

Name: Richard Goebel
Current Address: 4240 Lost Hills Road, #106, Agoura Hills, CA 91301
Address at time of Settlement Class: 3 Sunrise Lane, Mill Valley, CA 94941
Telephone: 415-515-9266

NXCD stock transactions of Richard Goebel

| date acquired | date sold | # shares |
|---|---|---|
| 2/15/2001 | | 5,625 |
| 2/15/2001 | | 1,406 |
| 2/15/2001 | | 5,625 |
| 3/21/2001 | | 1,875 |
| | 3/30/2001 | 12,000 |
| | 3/22/2001 | 2,000 |
| | 5/23/2001 | 2,500 |
| | 5/24/2001 | 1,000 |
| | 6/25/2001 | 2,000 |
| | 7/16/2001 | 1,000 |
| | 8/10/2001 | 1,000 |
| | 8/20/2001 | 2,000 |
| | 9/24/2001 | 4,000 |
| | 10/1/2001 | 500 |
| | 10/16/2001 | 2,000 |
| | 10/29/2001 | 500 |
| | 11/2/2001 | 1,500 |
| | 11/2/2001 | 10,608 |
| | 11/5/2001 | 13,309 |

Signature: _____

# Exhibit 1

Goebel
4240 Lost Hills
#106
Agoura Hills, CA
91301

1510219479

Nextcard Securities Litigation
c/o RG/2 Claims Administration LLC
PO Box 5479
Philadelphia, PA
19102-9479





November 21, 2005

NextCard Securities Litigation
c/oRG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

11-28-2005 000100

I wish to be excluded from the Settlement Class in *In re NextCard, Inc. Securities Litigation*, Master file No. C-01-21029-JF(EI).

My name, address and telephone number is Daniel Springer, 4415 20th Street, San Francisco, CA 94114, (415) 225-6660.

During the period between April 19, 2000, and October 30, 2001, I purchased no shares of NextCard common stock, and I sold shares on the following dates in the following amounts of shares:

| Date sold | # of shares sold |
|-----------|------------------|
| 12-14-00  | 15,000           |
| 12-18-00  | 15,000           |
| 12-19-00  | 10,000           |
| 12-20-00  | 5,000            |
| 12-21-00  | 15,000           |
| 12-26-00  | 10,200           |
| 12-27-00  | 14,800           |
| 12-28-00  | 5,000            |
| 10-5-01   | 10,000           |

Sincerely,

Daniel Springer

D. Springer
4415 20th Street
SF CA 94114

NextCard Securities Litigation
C/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

19102+59479

